**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY PINSON and ) | |
| LANELLE PINSON, husband and ) | |
| wife, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-CV-0162-CVE-SAJ |
| ) | |
| EQUIFAX CREDIT INFORMATION ) | |
| SERVICES, LLC; ) | |
| CSC CREDIT SERVICES; ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; TRANS UNION, L.L.C.; ) | |
| PROVIDIAN NATIONAL BANK; ) | |
| PROVIDIAN FINANCIAL ) | |
| CORPORATION; CAPITAL ONE ) | |
| SERVICES, INC.; CAPITAL ONE ) | |
| BANK FSB; SALLIE MAE, INC.; ) | |
| USA GROUP; LOAN SERVICES, INC.; ) | |
| and LITTON LOAN SERVICING, LP, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Trans Union LLC's Motion to Dismiss or in the Alternative Motion for More Definite Statement (Dkt. # 25), defendant CSC Credit Services, Inc.'s Motion to Dismiss (Dkt. # 30), defendant Experian Information Solutions, Inc.'s Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Dkt. ## 49, 50), Motion of Sallie Mae, Inc. to Dismiss, or Alternatively, For More Definite Statement (Dkt. # 51), and defendant Equifax Information Services LLC's Motion to Dismiss, or Alternatively, For More Definite Statement (Dkt. ## 63, 64). On March 16, 2006, plaintiffs Larry Pinson and Lanelle Pinson filed a complaint alleging that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., published libelous statements concerning plaintiffs, and falsely portrayed plaintiffs in a false light.

The above-mentioned defendants claim that plaintiffs have failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Alternatively, defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Sallie Mae, Inc. ("Sallie Mae"), and Equifax Information Services LLC ("Equifax") move for a more definite statement of plaintiffs' claims.

## I.

On September 11, 2003, plaintiffs filed a related case in this Court against Experian, CSC Credit Services, Inc. ("CSC"), and Equifax. See Case No. 03-CV-628, Dkt. # 1. In that complaint, plaintiffs alleged that Experian, CSC, and Equifax had violated the FCRA, published libelous statements about plaintiffs, and put plaintiffs in a false light in violation of their privacy. Id. Experian filed a motion to dismiss or, in the alterative, for a more definite statement. Case No. 03-CV-628, Dkt. # 7. On February 17, 2004, Judge Cook denied the motion to dismiss, but granted the motion for a more definite statement. Case No. 03-CV-628, Dkt. # 15. On February 27, 2004, plaintiffs filed an amended complaint. Case No. 03-CV-628, Dkt. # 17. On March 17, 2005, plaintiffs appeared before the Court and requested a dismissal without prejudice of all the claims. The Court ordered that all claims be dismissed without prejudice on March 25, 2005. Case No. 03-CV-628, Dkt. # 52.

On March 16, 2006, plaintiffs filed a complaint virtually identical to the September 11, 2005 complaint in Case No. 03-CV-628. Dkt. # 1. The complaint differs only in the amount of damages requested and the defendants named. In addition to Experian, CSC, and Equifax, the complaint in this case names several other defendants, including Trans Union and Sallie Mae.

**II.**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Under Fed. R. Civ. P. 12(e), the Court may require a party to cure defects in a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. Rule 12(e) reads, in pertinent part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). The Court has discretion to treat vague pleadings under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(e). See 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.").

### III.

In the complaint, plaintiffs allege that defendants violated the FCRA "by repeatedly reporting false and inaccurate credit information about Plaintiffs after having been notified in writing, by telephone and in person said credit information was false and inaccurate." Dkt. # 2, ¶ 6. Additionally, plaintiffs contend that "each of the Defendants have violated the FCRA by failing to maintain procedures to prevent false and inaccurate credit information from re-appearing on Plaintiffs' credit histories." Id., ¶ 8. Plaintiffs do not provide facts explaining how each defendant violated the FCRA, nor do they set forth the time period in which the reporting or notice of the allegedly inaccurate information occurred. Also, plaintiffs do not provide the amount of damages they suffered as a result of this alleged violation. With respect to the libel claim, plaintiffs allege that "Defendants have each published false unprivileged writings concerning Plaintiffs which exposes them to public hatred, contempt, ridicule or obloquy." Id., ¶ 15. Plaintiffs do not specify the dates or place where these alleged publications occurred. In the claim for invasion of privacy, plaintiffs again fail to state any facts underling their conclusory allegation that defendants falsely portrayed plaintiffs in a false light.

In Case No. 03-CV-628, this Court noted that the September 11, 2003 complaint was "devoid of any factual averments that detail the substance of the alleged false and inaccurate information." Case No. 03-CV-628, Dkt. # 15, at 3. The Court held that "[b]y not including any factual averments supporting their conclusory allegations, Plaintiffs have wholly failed to [comply with the requirements of Fed. R. Civ. P. 8(a)]." Id., at 4. In that case, the Court granted Experian's motion for a more definite statement under Fed. R. Civ. P. 12(e), a "favored alternative" to the more harsh Fed. R. Civ. P. 12(b)(6). Id. Here, as the March 16, 2006 complaint is virtually identical to the

4

September 11, 2003 complaint, the Court reiterates its finding that the complaint fails to comply with Fed. R. Civ. P. 8(a). Consistent with its February 17, 2004 order, the Court grants defendants' motions for a more definite statement under Fed. R. Civ. P. 12(e) and denies their motions to dismiss under Fed. R. Civ. P. 12(b)(6).

The Court notes that defendants CSC, Experian, and Equifax, all parties in Case No. 03-CV-628, urge that the Court dismiss the complaint under Fed. R. Civ. P. 12(b)(6) given plaintiffs' failure to adhere to the Court's February 17, 2004 order. CSC argues that, since plaintiffs have filed the same complaint that the Court already held was devoid of facts necessary to meet the standards of pleading, "[p]laintiffs want a second bit of the apple" in filing this complaint. Dkt. # 30, at 7. According to CSC, "[t]his impudent act is best interpreted as an attempt to harass the defendants and cause both unnecessary delay and needless increase in the cost of litigation." Id. Experian voices the same concerns:

> Now, after over three years, Plaintiffs' Complaint still fails to identify any factual allegations as to how Experian incurred considerable costs attempted to identify Plaintiff's [sic] factual allegations in the Initial Action to no avail. Now, Plaintiffs file yet another fact-deficient Complaint necessitating Experian to incur additional costs.

Dkt. # 49, at 4. Likewise, Equifax adopts CSC and Experian's legal arguments. Dkt. # 63, at 2. The Court is not unsympathetic to CSC, Experian, and Equifax's arguments. The Court recognizes that plaintiffs rely on the same fact-deficient complaint that was previously deemed inadequate by this Court. While the Court could grant defendants' motion to dismiss on this ground, the Court determines that the better course of action is to grant defendants' motions for a more definite statement. However, the Court notes that, if plaintiffs fail to set forth facts that sufficiently provide

5

defendants with the basis of their claim, then the Court will dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6).

The Court also denies Trans Union's motion to dismiss plaintiffs' claims for libel and false light invasion of privacy on the ground that they are preempted by the FCRA. The FCRA provides, in relevant part:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, <u>except as to false information furnished with malice or willful intent to injure such consumer</u>.

15 U.S.C. § 1681h(2)(e) (emphasis added). Here, though the complaint is vague, it appears that plaintiffs allege that defendants acted with malice and willful intent. See Dkt. # 67, at 6. Thus, plaintiffs' claims for libel and false light invasion of privacy are not preempted by 15 U.S.C. § 1681h(2)(e).

**V.**

**IT IS THEREFORE ORDERED** that defendant Trans Union LLC's Motion to Dismiss or in the Alternative Motion for More Definite Statement (Dkt. # 25) is **granted in part and denied in part**; defendant CSC Credit Services, Inc.'s Motion to Dismiss (Dkt. # 30) is **denied**; defendant Experian Information Solutions, Inc.'s Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Dkt. ## 49, 50) is **granted in part and denied in part**; Motion of Sallie Mae, Inc. to Dismiss, or Alternatively, For More Definitely Statement (Dkt. # 51) is **granted in part and denied in part**; and defendant Equifax Information Services LLC's Motion to Dismiss, or Alternatively, For More Definitely Statement (Dkt. ## 63, 64) is **granted in part and denied in**

**part**. The Court grants the motions for a more definite statement and denies the motions to dismiss. Plaintiffs shall file an amended complaint, which sets forth facts detailing the substance of their claims in compliance with Fed. R. Civ. P. 8(a), no later than **November 8, 2006**.

**DATED** this 1st day of November, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT