**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY PINSON** and )<br>**LANELLE PINSON**, husband and )<br>wife, )<br>   )<br>   **Plaintiffs,** )<br>   )<br>v.   )<br>   )<br>**EQUIFAX CREDIT INFORMATION** )<br>**SERVICES, LLC;** )<br>**CSC CREDIT SERVICES;** )<br>**EXPERIAN INFORMATION** )<br>**SOLUTIONS, INC.; TRANS UNION, L.L.C.;** )<br>**PROVIDIAN NATIONAL BANK;** )<br>**PROVIDIAN FINANCIAL** )<br>**CORPORATION; CAPITAL ONE** )<br>**SERVICES, INC.; CAPITAL ONE** )<br>**BANK FSB; SALLIE MAE, INC.;** )<br>**USA GROUP; LOAN SERVICES, INC.;** )<br>and **LITTON LOAN SERVICING, LP,** )<br>   )<br>   **Defendants.** ) | Case No. 06-CV-0162-CVE-SAJ |

**OPINION AND ORDER**

Now before the Court is Experian Information Solutions, Inc's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 79), Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 80), Defendant CSC Credit Services, Inc.'s Motion to Dismiss Plaintiff's [sic] Amended Complaint (Dkt. # 82), Defendant Trans Union LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 83), and Motion of Sallie Mae, Inc. To Dismiss First Amended Complaint (Dkt. # 84). On March 16, 2006, plaintiffs Larry Pinson and Lanelle Pinson filed a complaint alleging that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., published libelous statements concerning plaintiffs, and falsely portrayed plaintiffs in a false light. Dkt. # 2. Several of the defendants filed motions to dismiss, or in the

alternative, motions for a more definite statement. See Dkt. ## 25, 30, 49, 50, 51, 63, 64. On November 1, 2006, this Court entered an opinion and order granting the motions for a more definite statement and denying the motions to dismiss. Dkt. # 76. The Court further directed plaintiffs to file an amended complaint. Id. Plaintiffs filed an amended complaint on November 8, 2006. Dkt. # 77. Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), CSC Credit Services, Inc. ("CSC"), Trans Union LLC ("Trans Union"), and Sallie Mae, Inc. ("Sallie Mae") again request that the Court dismiss plaintiffs' amended complaint under Fed. R. Civ. P. 12(b)(6).

**I.**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

**II.**

In their amended complaint, plaintiffs state five claims for relief. First, they allege that defendants violated the FCRA "by repeatedly reporting false and inaccurate credit information about Plaintiffs after having been notified in writing, by telephone and in person that said credit information was false and inaccurate." Dkt. # 77, ¶ 6. Second, they seek punitive damages pursuant to the FCRA. Third, they bring a claim of libel, alleging that defendants published false writings concerning plaintiffs that caused them harm. Fourth, plaintiffs state a claim for false light invasion of privacy, alleging that defendants falsely portrayed plaintiffs in an unfavorable manner. Finally, they seek punitive damages under OKLA. STAT. tit. 23, §9.1 on the ground that defendants' conduct was willful and wanton. Section II(A), below, addresses plaintiffs' FCRA claim with respect to defendants Equifax, Experian, CSC, and Trans Union. Section II(B) addresses plaintiffs' FCRA claim with respect to defendant Sallie Mae. Section II(C) addresses plaintiffs' state law claims.

**A.**

The FRCA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b); see also Matthiesen v. Banc One Mortg. Corp., 173 F.3d 1242, 1245 (10th Cir. 1999). The FCRA places obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. Whisenant v. First Nat'l Bank & Trust Co., 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003). In their amended complaint, plaintiffs allege that

defendants Experian, Equifax, CSC, and Trans Union are "credit reporting businesses."[1] Dkt. # 77, ¶ 3. In their motions to dismiss, Experian, Equifax, CSC, and Trans Union do not dispute this allegation.

Consumer reporting agencies are required to reinvestigate the completeness and accuracy of any item of information disputed by a consumer. 15 U.S.C. § 1681i(a)(1). If the disputed information is inaccurate or incomplete, or cannot be verified, then the consumer reporting agency must: (1) delete or modify the information based on the results of the reinvestigation; and (2) notify the furnisher of that information that the information has been modified or deleted from the consumer's files. 15 U.S.C. § 1681i(a)(5). The FCRA imposes civil liability on any person who wilfully or negligently fails to comply with the requirements of the FCRA. 15 U.S.C. §§ 1681n, 1681o. Thus, with respect to claims against consumer reporting agencies, there is a private right of action.

In their FCRA claim, plaintiffs allege that they first discovered inaccuracies in their credit reports on or about February 1, 2001. Id., ¶ 7. Plaintiffs allege that, beginning in March 2001 and through the present date, plaintiffs have contacted Experian, Equifax, CSC, and Trans Union with "documented proof directly from their creditors showing that the information being reported was either inaccurate or legitimately disputed by Plaintiffs." Id., ¶ 8. Plaintiffs claim that defendants violated the FCRA by failing to correct the inaccuracies after plaintiffs' notification of error and by failing to maintain reasonable procedures to prevent the reporting of false and inaccurate information. Id., ¶¶ 9, 10. Furthermore, plaintiffs allege that defendants' violations of the FCRA

---

[1] While plaintiffs use the term "credit reporting businesses," the Court will presume that plaintiffs allege that Experian, Equifax, CSC, and Trans Union are "consumer reporting agencies."

constituted "willful noncompliance." Id., ¶ 13.  In addition to these more generalized allegations, plaintiffs set forth specific allegations with respect to each of defendants Experian, Equifax, CSC, and Trans Union. Id., ¶¶ 16 - 22.

Experian, Equifax, CSC, and Trans Union[2] argue that plaintiffs' amended complaint is "devoid of any specific legal or factual averments and is replete with conclusory allegations." Dkt. # 79, at 2.  They contend that plaintiffs' statement that the violations occurred from 2001 through 2004 is too vague to provide defendants with notice of their claim.  See Dkt. # 79, at 4; Dkt. # 82, at 4.  The Court disagrees.  While plaintiffs do not set forth precise dates on which defendants published the allegedly false credit reports, the amended complaint, unlike the original complaint, sets forth a general time frame of the alleged violations, which provides defendants with sufficient guidance to ascertain plaintiffs' FCRA claim.  At this time, prior to full discovery, the precise dates that plaintiffs contacted defendants regarding the misinformation may not be known.  See Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir. 1991) (noting that the purposes of the notice pleading requirements of Rule 8(a) are "to give the defendant fair notice of the claims against him" to enable him to adequately respond to the allegations without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery).

Experian, Equifax, CSC, and Trans Union also argue that plaintiffs fail to specify the inaccuracies that allegedly appeared on their credit reports, and defendants cannot determine from the amended complaint how they violated the FCRA.  See Dkt. # 79, at 4; Dkt. # 82, at 4.  While

---

[2]  In its motion to dismiss, Equifax adopts Experian's arguments. Dkt. # 80, ¶ 3.  Trans Union adopts CSC's and Experian's arguments.  Dkt. # 83, ¶ 2.

plaintiffs do not provide specifics concerning the alleged inaccuracies, plaintiffs state that they provided notice to defendants on several occasions that their credit reports contained inaccurate information. Thus, defendants presumably already have notice of the alleged misinformation. Whether the information on the credit reports was, in fact, false and whether there is any resulting liability is to be determined on the merits. See Swierkiewicz v. Sorema, 534 U.S. 506, 513-14 (2002) (holding that the liberal notice pleading of Rule 8(a) was adopted to focus litigation on the merits of a claim and that claims lacking merit may be dealt with through summary judgment). At this stage, however, plaintiffs' allegations that defendants published false information willfully or negligently and failed to correct those alleged errors are sufficient to state a claim within the liberal notice pleading standard of Fed. R. Civ. P. 8.

Finally, Experian, Equifax, CSC, and Trans Union argue that the Court should dismiss plaintiffs' amended complaint because it does not contain references to the specific provisions of the FCRA. See Dkt. # 79, at 2; Dkt. # 82, at 5. Defendant CSC notes that the FCRA is a "detailed and complex statutory scheme [that] includes provisions that regulate nearly every action involving the furnishing and reporting of consumer credit information." Dkt. # 82, at 5. However, at this stage in litigation, plaintiffs need not specify the precise provisions of the FCRA which apply to this case. Plaintiffs state in their amended complaint that the defendants reported inaccurate information on their credit reports and failed to maintain reasonable procedures to prevent such inaccuracies. There are numerous provisions in the FCRA that deal with the procedure in case of disputed accuracy and the requirement for maintaining reasonable provisions. See, e.g., 15 U.S.C. § 1681i, 15 U.S.C. § 1681(b). The amended complaint is not so deficient such that defendants cannot pursue a defense.

Defendants also seeks to dismiss the amended complaint based on the statute of limitations. In its motion to dismiss, CSC states:

> Plaintiffs' Amended Complaint simply states that CSC violated the FCRA 'beginning in 2001 and continuing through 2004.' Plaintiffs do not provide even the smallest hint of specific dates on which any FCRA violations occurred concerning specific credit accounts. CSC has no way of knowing whether any of Plaintiffs' claims are based on events that occur inside the limitations period.

Dkt. # 82, at 7. While there may be a statute of limitations problem, it is too early to decide that issue now. After discovery, when more specific dates are revealed, the Court will address any motions directed to that affirmative defense.

Ultimately, the Court finds that plaintiffs have complied with the previous order to provide sufficient notice to defendants of their claims. Plaintiffs have set forth a general time frame during which the alleged violations occurred, and defendants have sufficient information to ascertain plaintiffs' FCRA claim. Since the amended complaint complies with the minimal requirements of Fed. R. Civ. P. 8(a), it would be premature for the Court to dismiss plaintiffs FCRA claims against Experian, Equifax, CSC, and Trans Union under Fed. R. Civ. P. 12(b)(6).

**B.**

Whereas plaintiffs allege in their amended complaint that defendants Experian, Equifax, CSC, and Trans Union are consumer reporting agencies, plaintiffs allege that Sallie Mae (and other defendants who did not file motions to dismiss) "were and/or are creditors of Plaintiffs covering the time period of January 2001 through the current time." Dkt. # 77, ¶ 3. Plaintiffs' amended complaint further alleges that plaintiffs "requested [Sallie Mae] to correct inaccurate and false information that had been reported to Trans Union, Experian, Equifax and/or CSC and [Sallie Mae] failed to comply with Plaintiffs' requests, resulting in the reporting of false and inaccurate credit

7

information in violation of the FCRA." Id., ¶ 23. From these allegations, it appears that Sallie Mae is a "furnisher of information" under the FCRA.[3] Indeed, in its motion to dismiss, Sallie Mae categorizes itself as a "furnisher of information" because it "is no longer identified as or alleged to be a 'credit reporting agency' under the FCRA, as originally plead by Plaintiffs" and because it is not a "user of information." Dkt. # 84, at 2, 3. In their response, plaintiffs do not contend either that Sallie Mae is not a "furnisher of information" or that it is a "consumer reporting agency." Therefore, the Court will treat Sallie Mae as a furnisher of information. As such, its statutory duties under the FCRA are set forth in 15 U.S.C. § 1681s-2.

Section 1681s-2 imposes two general sets of duties on furnishers of information. First, furnishers of credit information have a duty to provide accurate information to a credit reporting agency under § 1681s-2(a). Second, under § 1681s-2(b), furnishers of information are required to (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation reveals that the information is incomplete or inaccurate, they must report those results to all other national consumer reporting agencies.

With respect to a furnisher of information's duties under § 1681s-2(a), this Court and numerous other courts have interpreted the FCRA to prohibit a private right of action. See, e.g.,

---

[3] The FCRA does not define the term "furnisher of information," but courts have defined the term as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies. See, e.g., Jarrett v. Bank of America, 421 F. Supp. 2d 1350, 1352 n.1 (D. Kan. 2006); Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp. 2d 150, 154 n.5 (D.P.R. 2002); Thomasson v. Bank One, La, N.A., 137 F. Supp. 2d 721, 723 (E.D. La. 2001); DiMezza v. First USA Bank Inc., 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000); Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999).

Whisenant, 258 F. Supp. 2d at 1316; Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002); Roybal v. Equifax, 405 F. Supp. 2d 1177, 1179-80 (E.D. Cal. 2005); Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 782-82 (W.D. Ky. 2003); Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). The duties imposed by subsection (a) can only be enforced by government agencies and officials. See 15 U.S.C. §§ 1681s-2(c)(1), 1681s-2(d) (such violations "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title."). Further, the willful and negligent noncompliance sections, §§ 1681n and 1681o, do not apply to any failure to comply under § 1681s-2(a). Thus, to the extent that plaintiffs bring a claim against Sallie Mae under § 1681s-2(a), they have no standing to bring such a claim.

Although there is no private right of action under § 1681s-2(a), this Court and other courts have held that there is a limited private right of action under § 1681s-2(b). See, e.g., Whisenant, 258 F. Supp. 2d at 1316; Nelson, 282 F.3d at 1060; Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) (noting that § 1681s-2(b) "appears" to impose civil liability, permitting a private cause of action, without deciding the issue conclusively); Stafford, 262 F. Supp. 2d at 783. But see Carney v Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999) (holding that a consumer cannot bring a claim under § 1681s-2(b)) . This Court has noted, however, that the duties under § 1681s-2(b) "are only triggered after a furnisher of information receives notice of a consumer dispute from a [consumer] reporting agency. In the absence of such notification, no duties arise." Whisenant, 258 F. Supp. 2d at 1316 (emphasis added). Under the plain language of the statute, unless a consumer reporting agency has notified a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information, even if the individual

9

informed the furnisher of information of that dispute. Here, the amended complaint alleges only that plaintiffs informed Sallie Mae of the inaccurate information. Nowhere in the complaint do plaintiffs allege that the consumer reporting agencies notified Sallie Mae of a dispute. Thus, plaintiffs have failed to state a claim under § 1681s-2(b). See Peasley v. Verizon Wireless LLC, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (granting defendant's motion to dismiss for failure to state a claim under § 1681s-2(b) where plaintiff alleged that she notified furnisher of information directly of billing dispute and failed to allege that furnisher was notified of dispute by a consumer reporting agency).

In sum, plaintiffs have no standing to bring a claim against Sallie Mae, as a furnisher of information, under § 1681s-2(a) because there is no private right of action under that section. Further, plaintiffs have failed to state a claim under § 1681s-2(b) because they did not allege in the amended complaint that consumer reporting agencies notified Sallie Mae of a dispute. The allegation that plaintiffs themselves notified Sallie Mae of the alleged inaccurate information is insufficient to state a claim. Therefore, the Court grants Sallie Mae's motion to dismiss plaintiffs' FCRA claim against it.

## C.

Defendants Experian, Equifax, CSC, Trans Union, and Sallie Mae move to dismiss plaintiffs' state law claims under Fed. R. Civ. P. 12(b)(6). As above, the Court will address first Experian, Equifax, CSC, and Trans Union's motions to dismiss plaintiffs' libel and invasion of privacy claims; then the Court will address Sallie Mae's motion to dismiss those claims.

First, the Court notes that the FCRA does not preempt plaintiffs' state law claims against defendants Experian, Equifax, CSC, and Trans Union. Section 1681h(e) states that no consumer

may bring a cause of action "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency" which is based upon information that the agency is required to disclose in accordance with the FCRA, "<u>except as to false information furnished with malice or willful intent to injure such consumer</u>." (Emphasis added). Here, plaintiffs allege that "Defendants acts and/or omissions in violation of the FCRA . . . constitute willful noncompliance with the requirements of the FCRA and with respect to Plaintiffs." Dkt. # 77, ¶ 13. The Court notes that plaintiffs fail to use the term "willful intent to injure such consumer" in count one of the amended complaint. However, in count two, plaintiffs allege that defendants "caused false information to be furnished with malice and/or willful intent to injure Plaintiffs." <u>Id.</u>, ¶ 26. The fact that this language appears in count two and not in count one does not render plaintiffs' amended complaint insufficient. <u>Gail v. United States</u>, 58 F.3d 580, 583 (10th Cir. 1995) (observing that "while it may have been proper [previously] . . . to rely upon 'magic words' in a complaint, notice pleading under the rules of civil procedure . . . now emphasize[s] function instead of form, and economic reality rather than labels."). Since plaintiffs allege that defendants acted with willful intent to injure plaintiffs, even though they do not refer to such language in count one, the Court finds that the FCRA does not preempt plaintiffs' state law claims against Experian, Equifax, CSC, and Trans Union.

Experian, Equifax, CSC, and Trans Union nonetheless ask the Court to dismiss plaintiffs' state law claims under Fed. R. Civ. P. 12(b)(6) on the same ground that those claims are not sufficiently clear to provide defendants notice of their claims. In its previous order dated November 1, 2006, the Court noted that plaintiffs' original complaint did "not specify the dates or place where these alleged publications occurred. In the claim for invasion of privacy, plaintiffs against fail to

11

state any facts underlying their conclusory allegation that defendants falsely portrayed plaintiffs in a false light." Dkt. # 76, at 4.  The Court notes that plaintiffs' allegations in count three and count five in the amended complaint do not vary substantially from those counts in the original complaint. Nonetheless, since plaintiffs incorporate their allegations contained in count one, the Court finds that they have provided defendants sufficient notice of their state claims.  It is quite clear from plaintiffs' amended complaint that their libel and invasion of privacy claims stem directly from defendants' publication of plaintiffs' credit reports.  As noted above, at this time, plaintiffs may not have sufficient information to provide defendants with the precise dates or content of those credit reports. But because plaintiffs limited the relevant time period in their FCRA claim, the Court finds that defendants have sufficient notice with respect to the libel and invasion of privacy claims.  For substantially the same reasons as discussed in Section II(A), above, the Court finds that plaintiffs have met their burden under Fed. R. Civ. P. 8(a).  Thus, the Court denies Experian, Equifax, CSC, and Trans Union's motions to dismiss plaintiffs' state law claims under Fed. R. Civ. P. 12(b)(6).

While the FCRA does not preempt plaintiffs' state law claims against Experian, Equifax, CSC, and Trans Union, the Court finds that plaintiffs' state law claims against Sallie Mae, as a furnisher of information, are preempted.  With respect to furnishers of information, the FCRA contains two "overlapping and potential contradictory preemption provisions, § 1681t(b)(1)(F) and § 1681h(e)." Stafford, 262 F. Supp. 2d at 784.  Section 1681t(b)(1)(F) states: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." As noted above, § 1681h(e) states that certain state law claims are preempted by the FCRA, except as to false information furnished with malice or willful intent to

12

injure such consumer. Courts differ in their interpretation of the relationship between these two sections. Some courts have held that § 1681t(b)(1)(F), which was enacted after § 1681h(e), completely preempts all state causes of action and eliminates the possibility of any supplemental state claims against furnishers of information. See, e.g., Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002); Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001). Other courts have held that § 1681t(b)(1)(F) preempts only state law claims that relate to the actual language of § 1681s-2. See, e.g., Stafford, 262 F. Supp. 2d at 784; Vazquez-Garcia, 222 F. Supp. 2d at 161. Here, the Court need not resolve this dispute. Whether the Court follows the broader or more narrow reading of § 1681t(b)(1)(F), plaintiffs' state law claims are preempted with respect to Sallie Mae because their state law claims relate to § 1681s-2. In the amended complaint, there is no indication that, other than Sallie Mae's communication with consumer reporting agencies, Sallie Mae otherwise published information about plaintiffs or placed plaintiffs in a false light. Thus, to the extent that plaintiffs' allegations fall within the § 1681h(e) wilfulness exception, they are nevertheless preempted by § 1681t(b)(1)(F) because the allegations pertain to a subject matter regulated by § 1681s-2. The Court therefore grants Sallie Mae's motion to dismiss plaintiffs' state law claims.

### III.

In summary, the Court finds that plaintiffs have stated a claim under the FCRA and under state law with respect to their claims against Experian, Equifax, CSC, and Trans Union. Plaintiffs' amended complaint meets the requirements of Fed. R. Civ. P. 8 and provides the defendants with sufficient notice of plaintiffs' claims. There is no other reason to dismiss plaintiffs' claims against Experian, Equifax, CSC, and Trans Union under Fed. R. Civ. P. 12(b)(6).

The Court finds, however, that plaintiffs have no standing to bring this action against Sallie Mae, a furnisher of information, under § 1681s-2(a). While there is a private right of action under § 1681s-2(b), plaintiffs have failed to allege that consumer reporting agencies notified Sallie Mae of a dispute. Further, the Court finds that the FCRA preempts plaintiffs' state law claims with respect to Sallie Mae. The Court therefore grants Sallie Mae's motion to dismiss all of plaintiffs' claims against it.

**IT IS THEREFORE ORDERED** that Experian Information Solutions, Inc's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 79) is **denied**; Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 80) is **denied**; Defendant CSC Credit Services, Inc.'s Motion to Dismiss Plaintiff's [sic] Amended Complaint (Dkt. # 82) is **denied**; Defendant Trans Union LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 83) is **denied**; and Motion of Sallie Mae, Inc. To Dismiss First Amended Complaint (Dkt. # 84) is **granted**. Defendant Sallie Mae, Inc. is **terminated** as a party to this action.

**DATED** this 24th day of January, 2007.

／s／ Claire V. Eagan
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT