# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY PINSON and <br> LANELLE PINSON, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> EQUIFAX CREDIT INFORMATION <br> SERVICES, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 06-CV-162 GKF/SAJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Comes on for decision following hearing held February 28, 2007, Defendant CSC Credit Services, Inc.'s Motion to Compel Plaintiffs' Full and Complete Disclosures as to the issue of non economic damages [Dkt. # 101]; CSC Credit Services, Inc.'s Motion to Dismiss With Prejudice Plaintiffs' Claims [Dkt. #119]; CSC Credit Services, Inc.'s Motion for Sanctions [Dkt. #122]; CSC Credit Services, Inc.'s Motion to Compel Plaintiffs' Responses to CSC's Second Set of Interrogatories and Motion for Costs and Sanctions [Dkt. # 129 ]; Experian Information Solutions, Inc.'s Motion to Dismiss [Dkt.# 118]; Experian Information Solutions, Inc.'s Motion for Sanctions [Dkt.# 120]; Experian Information Solutions, Inc.'s Motion to Compel [Dkt. # 121]; Defendant Equifax Information Services LLC's Motion to Dismiss [Dkt.#123]; Defendant Trans Union LLC's Joinder To Experian Information Solutions Inc.'s, CSC's Credit Services, Inc.'s Motion to Dismiss, and Equifax Information Services LLC's Motion to Dismiss  [Dkt. #126]; Litton Loan Servicing, LP's Motion to

1

Dismiss [Dkt. # 131]; Litton Loan Servicing, LP's Motion for Judgment [Dkt. # 133]; and, Motion to Withdraw filed by counsel for Plaintiffs [Dkt. #135], and the Court, having considered the arguments and authority presented in the briefs and at hearing, finds as follows:

Defendant CSC Credit Services, Inc.'s Motion to Compel Plaintiffs' Full and Complete Disclosures as to the issue of non economic damages [Dkt. # 101] is overruled. Plaintiffs personally appeared at the hearing as ordered by the Court and provided substantial documentation to each Defendant, which Plaintiffs represented to the Court contained everything they could, in good faith, provide to establish the basis for their damages. Plaintiffs asked the Court to allow them time to hire an expert to better present their damage claims. The Court notes Plaintiffs' date to supply expert witness report has passed. The Court therefore declines to extend the date by which Plaintiffs may supply expert report.

Defendant CSC Credit Services, Inc.'s ("CSC") Motion to Dismiss asserts dismissal with prejudice is appropriate for Plaintiffs' failure to comply with Rule 26 disclosures in this case and a previously filed lawsuit by these Plaintiffs against some of the same Defendants.  CSC states the prior action was voluntarily dismissed by Plaintiffs in lieu of facing a ruling by Judge Cook on a motion to compel like those reasserted in this action. CSC urges this establishes that Plaintiffs have been aware of their discovery obligations under Rule 26 for over three years and have still not complied with them. CSC asserts this proves that Plaintiffs have acted in bad faith in this litigation and should be required to pay at least $7500.00 in costs associated with  the filing of this latest motion and/or as a sanction, in addition to dismissal with prejudice.

CSC urged the documents which were produced as to economic damages pursuant to this Court's order were deficient in numerous ways. Plaintiffs' counsel agreed with that assessment, at one point referring to documentation supplied by Plaintiffs as "garbage."

Plaintiffs themselves, however, placed the blame for inadequacy of documentation on the counsel they now seek to disengage. Each Plaintiff presented argument to the Court and at hearing and finally produced volumes of documents which they represent to be those by which their claims can be substantiated in compliance with Rule 26. Plaintiff LaNelle Pinson advised the Court she had personally compiled the documents for each Defendant and had made all copies at Kinkos, spending over $400.[1]

The Court recognizes the documents are produced long past the time they should have been produced but do not find Plaintiffs willfully or intentionally withheld the documents. Therefore, the Court cannot find dismissal is justified under the authority presented by Defendant, *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992). In *Reynolds*, Plaintiff failed to appear for a scheduled deposition after being ordered by the court to appear and warned that the complaint would be dismissed if he did not appear. The court dismissed the case with prejudice, finding the witness had willfully violated the court's order to appear. The *Reynolds* court recognized dismissal as an extreme sanction, appropriate only in cases of willful misconduct. The court noted that determination of an appropriate sanction is a fact-specific inquiry. This inferentially requires the Court to determine motive from all the surrounding circumstances, such as: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial

---

[1] At least one folder provided to each of Defendants' counsel, was specific to the claims against that Defendant. Plaintiffs agreed to make and deliver the required copies.

process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and, the efficacy of lesser sanctions.

Citing *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988), the *Reynolds* court concluded: "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." This Court does not find this case is one which justifies the ultimate sanction at this time.

The Court clearly conveyed to Plaintiffs the precariousness of their position in regard to their responsibility for compliance with discovery. Had Plaintiffs failed to produce documents at hearing, the Court would have been more inclined to find their conduct to be more egregious. The Court is convinced Plaintiffs have made a sincere effort to produce what they believe are the required documents.

As Judge White found in *McKinney v. Reassure America Life Ins. Co.*, 2006 WL 3228791 (E.D. Okla. 2006), it appears this case suffers from "failure to communicate." Now that communication has come forth, this Court echoes the hopes of the Eastern District that the "third time will be the proverbial charm."

Plaintiffs are effectively sanctioned in that they have elected to proceed without legal counsel and they must meet the Court's previously scheduled compliance dates. Should Plaintiffs fail in their effort, Defendants may request the Court to revisit the appropriateness of dismissal and/or monetary sanctions at some later date. Defendant CSC's Motion to Dismiss [Dkt. #119], and Motion for Sanctions [Dkt. #122] are denied at this time.

Defendant CSC Credit Services, Inc.'s ("CSC") Motion to Compel [Dkt. #129] was filed in regard to Plaintiffs failure to respond to CSC's Second Set of Interrogatories, which

4

consisted of one question.  CSC has not previously asserted this motion. The Court finds the motion should be granted. Plaintiffs are to provide response to CSC's Second Set of Interrogatories within 10 days of the date of this Order.  The Court denies motion for costs and sanctions which are part of the motion at this time.

Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, Trans Union LLC, and Litton Loan Servicing LP [Dkt. #'s 118, 123, 126, 131 respectively] also filed motions to dismiss and motions for costs/sanctions [Dkt.#'s 120, 129 ] which urge noncompliance with Rule 26 as well. The recitations and arguments contained in each are virtually identical. For the  reasons stated, these motions are also denied at this time.

Defendants Experian Information Solutions, Inc., filed alternative Motion To Compel Supplemental Responses to Initial Disclosures [Dkt.# 121] which is denied as moot in light of the production of additional documents by Plaintiffs at hearing.

Finally, the Court finds the Motion to Withdraw [Dkt.#135] should be granted. There was clearly an acrimonious relationship between counsel for Plaintiffs and Plaintiffs. The filing of the Motion to Withdraw was  based, in part, upon Plaintiffs termination of the relationship, which appears to be beyond repair or redemption. At hearing, Plaintiffs reiterated their desire to sever the relationship and responded to questions by the Court that they understood they would be proceeding *pro se*, that it was their choice to so proceed, that they understood terminating their attorneys would not result in rescheduling of this case and that they would be required to meet the deadlines set by the Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant CSC Credit Services, Inc.'s Motion to Compel Plaintiffs' Full and Complete Disclosures as to the issue of non economic damages [Dkt. # 101] is denied as moot; CSC Credit Services, Inc.'s

Motion to Dismiss With Prejudice Plaintiffs' Claims [Dkt. #119] is denied; CSC Credit Services, Inc.'s Motion for Sanctions [Dkt. #122] is denied; CSC Credit Services, Inc.'s Motion to Compel Plaintiffs' Responses to CSC's Second Set of Interrogatories and Motion for Costs and Sanctions [Dkt. # 129 ] is granted in part and denied in part as set forth herein; Experian Information Solutions, Inc.'s Motion to Dismiss [Dkt.# 118] is denied; Experian Information Solutions, Inc.'s Motion for Sanctions [Dkt.# 120] is denied; Experian Information Solutions, Inc.'s Motion to Compel [Dkt. # 121] is denied as moot; Defendant Equifax Information Services LLC's Motion to Dismiss [Dkt.#123] is denied; Defendant Trans Union LLC's Joinder To Experian Information Solutions Inc.'s, CSC's Credit Services, Inc.'s Motion to Dismiss, and Equifax Information Services LLC's Motion to Dismiss [Dkt. #126] is denied; Litton Loan Servicing, LP's Motion to Dismiss [Dkt. # 131] is denied; Litton Loan Servicing, LP's Motion for Judgment [Dkt. # 133] is denied; and, Motion to Withdraw filed by counsel for Plaintiffs [Dkt. #135] is granted.

IT IS SO ORDERED THIS 2nd DAY OF MARCH, 2007.

Sam A. Joyner
United States Magistrate Judge