**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY PINSON and ) | |
| LENNELLE PINSON, husband and wife, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06-CV-162-GKF-SAJ |
| ) | |
| EQUIFAX CREDIT INFORMATION ) | |
| SERVICES, INC.; CSC CREDIT SERVICES; ) | |
| EXPERIAN INFORMATION SOLUTIONS; ) | |
| TRANS UNION, L.L.C.; PROVIDIAN ) | |
| NATIONAL BANK; PROVIDIAN FINANCIAL ) | |
| CORPORATION; CAPITAL ONE SERVICES, ) | |
| INC.; CAPITAL ONE BANK FSB; SALLIE ) | |
| MAE, INC.; USA GROUP; LOAN SERVICES ) | |
| INC.; AND LITTON LOAN SERVICING, LP; ) | |
| ) | |
| Defendants. ) | |

# O P I N I O N   A N D   O R D E R

This matter comes before the Court on Defendant Litton Loan Services, Inc.'s Motion for Summary Judgment [Document No. 167]. For the reasons set forth below, the motion for summary judgment is granted.

**I.**     ***Pro se* Status and Motion for Summary Judgment Standards**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, [the court] must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Bryant v. Farmers Insurance Exchange*, 432 F.3d 1114, 1124 (10th Cir. 2005). "The nonmoving party 'must identify sufficient evidence which would require submission of the case to a jury.' Where the

nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and identify specific facts that demonstrate the existence of an issue to be tried by the jury." *Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1264 (10th Cir. 2007) (internal citations omitted). To survive a motion for summary judgment, the nonmovant "must establish that there is a genuine issue of material fact . . . ." *Matsushita Electric Industries v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

Plaintiffs Larry and Lennelle Pinson (the "Pinsons") are *pro se* litigants. "District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985) (citation omitted). The Tenth Circuit Court of Appeals "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Furthermore, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840; *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("[I]t is not the proper function of the district court to assume the role of advocate for the pro se litigant.").

Defendant Litton Loan Services, Inc. ("Litton") lists five material facts in its motion. [Docket No. 167 at 3 - 4]. The Pinsons do not specifically respond to or address the undisputed facts in the manner contemplated by the Local Civil Rules. [Docket No. 231]. The Local Civil Rules of the United States District Court for the Northern District of Oklahoma provide that "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of

the opposing party." LcvR 56.1(c). Pursuant to the local rules, the Court could deem Litton's material facts confessed. However, because the Pinsons are *pro se*, the Court has considered the facts the Pinsons attempt to controvert in the body of their response brief.

## II.     Factual and Procedural Background

The Pinsons filed this action on March 16, 2006. [Docket No. 2]. On November 8, 2006, they filed a First Amended Complaint in which they allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1651 *et seq.* (Count I), punitive damages under FCRA (Count II), and several state law causes of actions (Counts III - V). [Docket No. 77].

The Pinsons reported only one instance of false or inaccurate information to a credit reporting agency, and they did so in 2003. [Docket No. 167 at 16, Exhibit 2]. Litton contends Larry Pinson lodged no complaints with a credit reporting agency thereafter. In his deposition, Larry Pinson testified:

> Q:  Did you file a dispute or a complaint with any of the credit reporting agencies regarding the information with your Litton loans?
> A:  I recall that I did, and the reason I didn't – I don't recall that I really did because after 2003, I don't recall lodging any disputes with anyone. And my dispute was with Litton, not the credit bureau, in reference to what was being reported. I don't feel that this was a credit bureau error. I feel that was a Litton reporting – reporting error.

[Docket No. 167 at 17, Exhibit 3]. In their response brief, the Pinsons suggest Litton has "extracted false meaning from Plaintiff Deposition Transcripts" because the question was initially answered with "I recalled I did," with the second answer being "a guess at" because plaintiff stated "I don't recall[]." [Docket No. 175 at 8]. The Pinsons offer no testimony or other evidence that they made a report about Litton to a credit reporting agency after 2003. Moreover, they offer no evidence that Litton received notice of a consumer dispute from a credit reporting agency after 2003.

### III.     FCRA – Furnishers of Information

The Pinsons have sued Litton as a "furnisher of information"[1] under FCRA. Section 1681s-2 of FCRA imposes two general sets of duties on furnishers of information. 15 U.S.C. § 1681 s-2. First, furnishers of information have a duty to provide accurate information to a credit reporting agency under § 1681-2(a). Second, under § 1681-2(b), furnishers of information are required to (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation reveals that the information is incomplete or inaccurate, the furnisher of information must report those results to all other consumer reporting agencies.

FCRA does not recognize a private right of action with respect to a furnisher of information's duties under § 1681s-2(a). *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). Duties imposed by subsection § 1681s-2(a) can only be enforced by governmental agencies and officials. 15 U.S.C. §§ 1681s-2(c)(1), 1681s-2(d) (such violations "shall be enforced exclusively as provided under 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title."). In addition, the willful and negligent noncompliance sections (§§ 1681n and 1681o) do not apply to any failure to comply with § 1681s-2(a). The Pinsons therefore cannot bring a claim against Litton under § 1681s-2(a).

---

[1] FCRA does not define the term "furnisher of information." Courts have defined the term as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies. *See Jarrett v. Bank of America*, 421 F. Supp. 2d 1350, 1352 n.1 (D. Kan. 2006); *Vazquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150, 154 n.5 (D.P.R. 2002); *Thomasson v. Bank One, La. N.A..*, 137 F. Supp. 2d 721, 723 (E.D. La. 2001).

A limited private right of action exists under § 1681s-2(b). *Whisenant*, 258 F. Supp. 2d at 1316; *Nelson*, 282 F.3d at 1060; *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (permitting a cause of action under § 1681s-2(b) but not conclusively deciding); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783 (W.D. Ky. 2003). *But see Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999) (a § 1681s-2(b) claim exists for the benefit of the consumer reporting agency; consumer cannot bring a claim under § 1681s-2(b)). However, the duties imposed by § 1681s-2(b) "are only triggered after a furnisher of information receives notice of a consumer dispute from a reporting agency. In the absence of such notification, no duties arise." *Whisenant*, 258 F. Supp. 2d at 1316; *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("The furnisher's duty to investigate, however, does not arise unless it receives notice of the dispute from the CRAs [credit reporting agencies] directly."); *Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198, (S.D. Cal. 2005) (concluding plaintiff did not allege a claim under § 1681s-2(b) by alleging direct notification to furnisher of information); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, (W.D. Ky. 2003) (furnisher of information has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency; notification from a consumer is not enough). Under the plain language of the statute, unless a consumer reporting agency notifies a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information. *Whisenant*, 258 F. Supp. 2d 1312, 1316 (to trigger duties under FCRA, the defendant must be notified by a credit reporting agency; fact that defendant knew about dispute did not trigger FCRA duties).

The FCRA statute of limitations at the time of the alleged violations was two years from the date on which the liability arises, subject to a single discovery exception for cases involving a

defendant's willful misrepresentation of material information.[2]  15 U.S.C. § 1681p.  The Pinsons filed this cause of action on March 16, 2006.  The Pinsons must therefore allege a claim that accrued after March 16, 2004.

Litton has provided evidence that the Pinsons' last dispute to a credit reporting agency occurred in 2003.  In response, the Pinsons refer to a November 2003 complaint to the credit reporting agency Trans-Union [Docket No. 175 at 2], and to a credit report "dated August 4, 2004." [Docket No. 175 at 6].  However, the Pinsons offer nothing to indicate that Litton received notice of a consumer dispute from a credit reporting agency after November 2003.  The Pinsons' § 1681s-2(b) claim is therefore untimely.

Congress amended the FCRA statute of limitations on December 4, 2003, with an effective date of March 31, 2004.  The new statute of limitations provides that a FCRA action may be brought "not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  Pub. L. No. 108-159 (2003); 15 U.S.C. § 1681p.

In *Landgraf v. USI Film Products*, 511 U.S. 244, 264 (1994), the Supreme Court emphasized that the law does not favor retroactive application of statutes.  A court must determine whether Congresss has expressly prescribed the statute's reach.  When a statute contains no express command, the court must determine whether the new statute would have retroactive effect "i.e. whether it would impair rights a party possessed when he acted, increase a party's liability for past

---

[2]  Construing plaintiffs' response brief liberally, plaintiffs argue that the discovery exception from the prior law's two year statute of limitations applies in this case.  [Docket No. 175 at 6].  Although the Pinsons argue in a conclusory way that Litton acted willfully and maliciously, they offer no facts in support thereof.  Furthermore, plaintiffs' exhibits indicate that the credit reporting agency Trans Union mailed the Pinsons a consumer report in connection with their consumer dispute on November 26, 2003.  [Docket No. 175 at 20].  The discovery exception therefore does not extend the statute of limitations on the Pinsons' § 1681-2(b) claim.

conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029, 1032 (10th Cir. 1994) citing *Landgraf*, 511 U.S. at 280. Section 1681p does not clearly indicate that it applies retroactively. As applied to the parties in this case, the statute would revive a cause of action that did not exist at the time of the filing of the lawsuit. The Court therefore concludes that the amended statute of limitations cannot be retroactively applied. *See also Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 951 (7th Cir. 2006) (dealing with a different section of FCRA but noting that recent amendment to FCRA does not apply to offers made before its effective date); *Benjamin v. Coker*, 2007 WL 433574 at *3 (D. Ariz. Feb. 6, 2007) ("Defendants' rights would be altered and their liability increased because they are being forced to defend an action that was previously time-barred.").

The Pinsons also allege state law claims of libel, false light invasion of privacy, and punitive damages. FCRA preempts state law claims against furnishers of information. 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State – with respect to any subject matter regulated under – . . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ."). The statute has been interpreted broadly by some courts as preempting all state causes of action, and has been given a more limited interpretation by other courts as preempting all actions related to obligations under FCRA. *See also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003) (noting two interpretations of § 1681t(b)(1)(F) preemption). Under either interpretation of the statute, in this case, the Pinsons state law claims are preempted. 15 U.S.C. § 1681t(b)(1)(F).

**WHEREFORE**, Defendant Litton Loan Services, Inc.'s Motion for Summary Judgment [Document No. 175] is granted.

**IT IS SO ORDERED** this 31st day of March 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma