**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LARRY PINSON and | ) | |
| LENNELLE PINSON, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CV-162-GKF-SAJ |
| | ) | |
| EQUIFAX CREDIT INFORMATION | ) | |
| SERVICES, INC.; CSC CREDIT SERVICES; | ) | |
| EXPERIAN INFORMATION SOLUTIONS; | ) | |
| TRANS UNION, L.L.C.; PROVIDIAN | ) | |
| NATIONAL BANK; PROVIDIAN FINANCIAL | ) | |
| CORPORATION; CAPITAL ONE SERVICES, | ) | |
| INC.; CAPITAL ONE BANK FSB; SALLIE | ) | |
| MAE, INC.; USA GROUP; LOAN SERVICES | ) | |
| INC.; AND LITTON LOAN SERVICING, LP; | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N   A N D   O R D E R

This matter comes before the Court on Defendant Capital One Services, Inc.'s and Defendant Capital One Bank FSB's Motion to Dismiss Plaintiff's First Amended Complaint. [Document No. 228].  Defendants Capital One Services, Inc. and Capital One Bank FSB (collectively, "Capital One") move that the Court dismiss the claims of plaintiffs Larry Pinson and Lennelle Pinson (the "Pinsons") for failure to state a claim upon which relief can be granted.  Defendant Capital One Services moves to dismiss on the additional ground that the Court lacks personal jurisdiction.

The Pinsons are currently *pro se* litigants.  At the time their First Amended Complaint was filed, however, they were represented by counsel.  Counsel has since withdrawn due to an "acrimonious relationship." [Docket No. 151 at 5].  Normally, a *pro se* litigant's pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S.

519, 520 (1972). In this case, however, the First Amended Petition was drafted by a lawyer and need not be liberally construed.

In ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The Supreme Court has prescribed a revised inquiry for federal courts' use in assessing motions to dismiss for failure to state a claim – whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). Courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court explained that a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Bell Atlantic*, 127 S. Ct. at 1974. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

By Order filed January 24, 2007, the Court dismissed defendant Sallie Mae, Inc., a "furnisher of information" under FCRA, because the First Amended Complaint did not contain allegations that the consumer reporting agencies notified defendant Sallie Mae of a dispute. [Docket No. 106 at 10]. Capital One maintains that the First Amended Complaint lacks the same required allegations as to Capital One and requests dismissal on that basis.

The Pinsons allege that the Capital One defendants "were and/or are creditors of Plaintiffs covering the time period of January 2001 through the current time." [Docket No. 77, ¶ 3]. The Pinsons additionally allege that they "requested [Capital One] to correct inaccurate and false information that had been reported to Trans Union, Experian, Equifax and/or CSC and [Capital One] failed to comply with Plaintiffs' requests, resulting in the reporting of false and inaccurate information in violation of the FCRA." [Docket No. 77, ¶ 23].

The Pinsons allege the Capital One defendants are "furnishers of information"[1] under FCRA.[2] Section 1681s-2 of FCRA imposes two general sets of duties on furnishers of information. 15 U.S.C. § 1681 s-2. First, furnishers of information have a duty to provide accurate information to a credit reporting agency under § 1681-2(a). Second, under § 1681-2(b), furnishers of information are required to (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation reveals that the information is incomplete or inaccurate, the furnisher of information must report those results to all other consumer reporting agencies.

FCRA does not recognize a private right of action with respect to a furnisher of information's duties under § 1681s-2(a). *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir.

---

[1] FCRA does not define the term "furnisher of information." Courts have defined the term as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies. *See Jarrett v. Bank of America*, 421 F. Supp. 2d 1350, 1352 n.1 (D. Kan. 2006); *Vazquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150, 154 n.5 (D.P.R. 2002); *Thomasson v. Bank One, La. N.A..*, 137 F. Supp. 2d 721, 723 (E.D. La. 2001).

[2] Defendant Capital One Services contends it does not qualify as a furnisher of information because it merely provides servicing operations for Capital One Financial Corp. [Docket No. 228 at n.2]. For the purpose of the motion to dismiss the Court must accept plaintiffs' allegations as true.

2002); *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). Duties imposed by subsection § 1681s-2(a) can only be enforced by governmental agencies and officials. 15 U.S.C. §§ 1681s-2(c)(1), 1681s-2(d) (such violations "shall be enforced exclusively as provided under 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title."). In addition, the willful and negligent noncompliance sections (§§ 1681n and 1681o) do not apply to any failure to comply with § 1681s-2(a). *Cisneros*, 292 F. Supp. 2d at 1174. The Pinsons therefore cannot bring a claim against Capital One under § 1681s-2(a).

A limited private right of action exists under § 1681s-2(b). *Whisenant*, 258 F. Supp. 2d at 1316; *Nelson*, 282 F.3d at 1060; *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (permitting a cause of action under § 1681s-2(b) but not conclusively deciding); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783 (W.D. Ky. 2003). *But see Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999) (a § 1681s-2(b) claim exists for the benefit of the consumer reporting agency; consumer cannot bring a claim under § 1681s-2(b)). However, the duties imposed by § 1681s-2(b) "are only triggered after a furnisher of information receives notice of a consumer dispute from a reporting agency. In the absence of such notification, no duties arise." *Whisenant*, 258 F. Supp. 2d at 1316; *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("The furnisher's duty to investigate, however, does not arise unless it receives notice of the dispute from the CRAs [credit reporting agencies] directly."); *Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198, (S.D. Cal. 2005) (concluding plaintiff did not allege a claim under § 1681s-2(b) by alleging direct notification to furnisher of information); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, (W.D. Ky. 2003) (furnisher of information has no responsibility to investigate a credit dispute until after it receives notice from a consumer

4

reporting agency; notification from a consumer is not enough). Under the plain language of the statute, unless a consumer reporting agency notifies a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information. *Whisenant*, 258 F. Supp. 2d 1312, 1316 (to trigger duties under FCRA, the defendant must be notified by a credit reporting agency; fact that defendant knew about dispute did not trigger FCRA duties).

The First Amended Complaint alleges only that the Pinsons informed the Capital One defendants of inaccurate credit information. The First Amended Complaint contains no allegation that any consumer reporting agencies notified Capital One of a dispute.

The Pinsons also allege state law claims of libel, false light invasion of privacy, and punitive damages. FCRA preempts state law claims against furnishers of information. 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State – with respect to any subject matter regulated under – . . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ."). The statute has been interpreted broadly by some courts as preempting all state causes of action, and has been given a more limited interpretation by other courts as preempting all actions related to obligations under FCRA. *See also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003) (noting two interpretations of § 1681t(b)(1)(F) preemption). The Pinsons' state law claims are preempted under either interpretation. 15 U.S.C. § 1681t(b)(1)(F).

Capital One Services seeks dismissal on the additional ground that this Court lacks of personal jurisdiction. Capital One Services has submitted evidence that its principal place of business is Virginia, that it exists solely to provide services to Capital One Financial Corporation and its subsidiaries, and that it has no contacts with the State of Oklahoma. The Pinsons generally

respond that the defendants have numerous contacts with the State of Oklahoma. The Pinsons attach three letters from Capital One Services, Inc. in response to inquiries about the Pinsons' credit information. Upon examination of the letters, this Court concludes they are insufficient to establish personal jurisdiction over Capital One Services, as they do not represent an effort by Capital One Services, Inc. to purposefully avail itself of the privilege of conducting activities within the State of Oklahoma. *See Rambo v. American South Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988) (examining telephone calls and letters and noting that proper focus is whether the defendant purposefully availed itself of the privilege of conducting activities within the forum state). The Pinsons also point to Oklahoma lawsuits involving Capital One Bank FSB. However, the Oklahoma contacts of Capital One Bank FSB do not constitute contacts of Capital One Services, Inc., a separate and distinct corporate entity.

The Pinsons cannot bring a claim under § 1681s-2(a) because no private right of action exists under that section. The Pinsons have failed to state a claim under § 1681s-2(b) because they have not alleged that a consumer reporting agency notified either Capital One defendant of a dispute. The Pinsons' state law claims are preempted under 15 U.S.C. § 1681t(b)(1)(F). The Court further concludes that Capital One Services, Inc. is entitled to dismissal for lack of personal jurisdiction.

**WHEREFORE**, Defendant Capital One Services, Inc.'s and Defendant Capital One Bank FSB's Motion to Dismiss Plaintiff's First Amended Complaint [Document No. 228] is granted.

**IT IS SO ORDERED** this 31st day of March 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma