**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY PINSON and ) <br> LENNELLE PINSON, husband and wife, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EQUIFAX CREDIT INFORMATION ) <br> SERVICES, INC.; CSC CREDIT SERVICES; ) <br> EXPERIAN INFORMATION SOLUTIONS; ) <br> TRANS UNION, L.L.C.; PROVIDIAN ) <br> NATIONAL BANK; PROVIDIAN FINANCIAL ) <br> CORPORATION; CAPITAL ONE SERVICES, ) <br> INC.; CAPITAL ONE BANK FSB; SALLIE ) <br> MAE, INC.; USA GROUP; LOAN SERVICES ) <br> INC.; AND LITTON LOAN SERVICING, LP; ) <br> ) <br> Defendants. ) | Case No. 06-CV-162-GKF-SAJ |

**O P I N I O N   A N D   O R D E R**

This matter comes before the Court on Experian Information Solutions, Inc.'s Motion for Summary Judgment. [Document No. 198]. For the reasons set forth below, the motion for summary judgment is granted.

**I.    *Pro se* Status and Motion for Summary Judgment Standards**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, [the court] must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Bryant v. Farmers Insurance Exchange*, 432 F.3d 1114, 1124 (10th Cir. 2005). "The nonmoving party 'must identify sufficient evidence which would require submission of the case to a jury.'  Where the

nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and identify specific facts that demonstrate the existence of an issue to be tried by the jury." *Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1264 (10th Cir. 2007) (internal citations omitted). To survive a motion for summary judgment, the nonmovant "must establish that there is a genuine issue of material fact . . . ." *Matsushita Electric Industries v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

Plaintiffs Larry and Lennelle Pinson (the "Pinsons") were initially represented by counsel in this case. Due to an "acrimonious relationship" with counsel [Docket No. 151 at 5], the Pinsons elected to proceed *pro se*. The Court will therefore consider the Pinsons' *pro se* status in reviewing the motion for summary judgment.

"District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985) (citation omitted). The Tenth Circuit Court of Appeals "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Furthermore, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840; *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("[I]t is not the proper function of the district court to assume the role of advocate for the pro se litigant.").

Defendant Experian Information Solutions, Inc. ("Experian") identifies numerous undisputed material facts in their motion. [Docket No. 198 at 6 - 12]. However, the Pinsons do not specifically respond to or address the undisputed facts in the manner contemplated by the Local Civil Rules.

[Docket No. 231].  The Local Civil Rules of the United States District Court for the Northern District of Oklahoma provide that "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."  LcvR 56.1(c).  Pursuant to the local rules, the Court could deem Trans Union's material facts confessed.  However, because the Pinsons are *pro se*, the Court has considered the facts the Pinsons attempt to controvert in the body of their response brief.

## II.     Factual and Procedural Background

The Pinsons filed this action on March 16, 2006.  [Docket No. 2].  On November 8, 2006, they filed a First Amended Complaint in which they allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1651 *et seq.* (Count I), punitive damages under the FCRA (Count II), and several state law causes of actions (Counts III - V).  [Docket No. 77].

The claims in this case duplicate claims the Pinsons brought in a prior suit filed in this Court in September 2003, against Trans Union LLC, Experian, CSC Credit Services, Inc., and Equifax Credit Information Services, Inc.  The September 2003 Complaint asserted claims based on FCRA, punitive damages, and state law causes of action.  On March 25, 2005, the September 2003 lawsuit was dismissed without prejudice based at the Pinsons' request.  [Case No. 03-cv-628, Docket No. 52].

## III.    The Fair Credit Report Act

Experian is a Consumer Reporting Agency under 15 U.S.C. § 1681a(f) of FCRA.  The Pinsons allege Experian violated 15 U.S.C. §§ 1681e(b) and 1681i of FCRA.  Section 1681e(b) provides that a consumer reporting agency shall follow reasonable procedures to assure maximum

possible accuracy of the information reported in a consumer report. Section 1681i requires a consumer reporting agency to reinvestigate a dispute upon notification from a consumer.

A plaintiff pursuing a cause of action under 15 U.S.C. § 1681e(b) must establish that the credit report was inaccurate.

> In order to make out a prima facie violation of section 607(b) [15 U.S.C. § 1681e(b)], the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing "inaccurate" information. If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of section 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency.

*Cahlin v. General Motors Acceptance Corporation*, 936 F.2d 1151, 1156 (11th Cir. 1991) (footnotes omitted). *See also Cassara v. DAC Services, Inc.*, 276 F.3d 1210, 1217 ("To prevail in a private civil action under § 607(b), a plaintiff must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury."); *Ritchie v. TRW, Inc.,* 1992 WL 21300 at *2 (10th Cir. 1992) ("Having failed to even allege that the defendants-appellees prepared a report containing inaccurate information, we hold that the [plaintiffs] failed to state a cause of action under the FCRA. Defendants-appellees did not violate the FCRA by accurately reporting the [plaintiffs'] civil judgment and bankruptcy.").

In this case Experian has produced evidence that it accurately reported the Pinsons' credit information and that the credit reports were accurate. [Docket No. 198 at 14 - 18]. The Pinsons do not respond to the specifics detailed by Experian. The Court cannot discern any alleged inaccuracies

attributable to Experian. Summary judgment must be granted on the Pinsons' 15 U.S.C. § 1681e(b) claim because the Pinsons have failed to specify the alleged inaccuracies in Experian's reports.

As previously stated, Section 1681i requires a consumer reporting agency to reinvestigate a dispute upon notification from a consumer. Experian has presented evidence that it followed its reinvestigation procedures, responded to the Pinsons' disputes, and that numerous "disputes" involved accounts that were either reporting as the Pinsons requested in their disputes, or were not reporting at all. [Docket No. 198 at 12, 25; Docket No. 207 at A, ¶ 9]. The Pinsons do not refute Experian's facts and do not specify instances in which Experian failed to reinvestigate. The Court concludes the Pinsons have failed to show that disputed issues of material facts exist. Experian is entitled to summary judgment on the Pinsons' 15 U.S.C. § 1681i claim.

## IV.     State Law Claims Preempted

The Pinsons' First Amended Complaint contains allegations that defendants acted willfully and recklessly in disregard of the Pinsons' rights. In *Safeco Ins. Co. of America v. Geico*, __ U.S. __, 127 S. Ct. 2201, 2215 (2007), the United States Supreme Court interpreted "willfully fails to comply" under 15 § 1681n of FCRA as including recklessness. "A company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.*

Experian argues it is entitled to summary judgment because the Pinsons have nothing to support their conclusory statements of willfulness. Experian offers evidence that the information it reported was accurate, that it promptly responded to each of the Pinsons' disputes, and that the Pinsons admitted in their depositions that they had no information suggesting that Experian acted

intentionally or maliciously towards them.[1] The Court concludes that the Pinsons have not established that a genuine material fact exists as to malice or willful intent with respect to Experian.

FCRA preempts certain state law claims absent malice or willful intent. Pursuant to 15 U.S.C. § 1681h(e), no consumer may bring an action "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency" based on information which that agency is required to disclose in accordance with FCRA "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Because the Pinsons have presented no material fact to support their allegation of Experian's malice or willful intent, the Pinsons state law claims of libel and false light invasion of privacy are preempted.

The Pinsons' remaining claim is a state law punitive damage claim. [Docket No. 77 at 11]. Plaintiffs have produced nothing to raise a genuine issue of material fact supportive of their claim for punitive damages. Furthermore, plaintiffs' state law claim for punitive damages is not an independent cause of action, but depends upon the existence of a separate claim. *Smith v. Warehouse Market, Inc.*, 1978 OK 125, ¶ 10, 586 P.2d 724, 726 (Okla. 1978) ("[I]n this state a claim for punitive damages cannot be a separate and independent cause of action, but is only incidental or collateral to the claim for actual damages. . . .").

---

[1] The following questions and answers are excerpted from Larry Pinson's deposition. "Q: Did you get the feeling that any Experian employee had it out for you or was trying to hurt you? A: I can't say I did. Q: Okay. Do you think Experian's actions were negligent? A: I think my claim stated that I did. Q: Okay. Do you think that Experian intentionally tried to harm you in some way? A: I don't know Experian – I can't speak for Experian intent because I don't know their intent. I don't know the employees or I don't know the way if the – the way the things are done with Experian. I don't know the system. How it works, so it would be untrue for me to say that I know that they did this, when I really don't know these things." [Docket No. 207 at 87-88].

**WHEREFORE**, Experian Information Solutions, Inc.'s Motion for Summary Judgment [Document No. 198] is granted.

**IT IS SO ORDERED** this 31st day of March 2008.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma